DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IN RE: FINAL REPORT OF THE 20TH STATEWIDE GRAND JURY**

Nos. 4D21-3640, 4D21-3641, 4D21-3642, 4D21-3643, 4D21-3644,
4D21-3645, 4D21-3646, and 4D21-3647

[July 27, 2022]

Appeals and cross-appeal of final orders from Jack Tuter, Presiding Judge, 20th Statewide Grand Jury, and Martin S. Fein, Alternate Presiding Judge, 20th Statewide Grand Jury; Case No. SC19-240.

Michael Hursey of Michael Hursey, P.A., Fort Lauderdale, for appellants in Nos. 4D21-3640 and 4D21-3643.

James S. Benjamin, Daniel R. Aaronson, and Peter T. Patanzo of Benjamin, Aaronson, Edinger & Patanzo, P.A., Fort Lauderdale, for appellant in No. 4D21-3641.

Robert C. Buschel of Buschel Gibbons, P.A., Fort Lauderdale, for appellant in No. 4D21-3642.

Joseph W. Jacquot, George S. LeMieux, and Jonathan K. Osborne of Gunster, Yoakley & Stewart, P.A., Jacksonville, for appellant in No. 4D21-3644.

Cary O. Aronowitz and Jeff Schacknow of Holland & Knight LLP, Miami, for appellee/cross-appellant in No. 4D21-3645.

Michael B. Cohen of Michael B. Cohen, P.A., Fort Lauderdale, for appellant in No. 4D21-3646.

J. David Bogenschutz and Patrick D. Wilson of Law Offices of J. David Bogenschutz, P.A., Fort Lauderdale, for appellant in No. 4D21-3647.

Ashley Moody, Attorney General, Tallahassee, Nicholas B. Cox, Statewide Prosecutor and Statewide Grand Jury Legal Adviser, Tampa, and Luke R. Napodano, Assistant Attorney General and Special Designated Assistant Statewide Prosecutor and Assistant Statewide Grand Jury Legal Adviser, West Palm Beach, for appellee in Nos. 4D21-3640,

4D21-3642, and 4D21-3643, and appellant/cross-appellee in No. 4D21-3645

Ashley Moody, Attorney General, Tallahassee, Nicholas B. Cox, Statewide Prosecutor and Statewide Grand Jury Legal Adviser, Tampa, and Melynda L. Melear, Senior Assistant Attorney General and Special Designated Assistant Statewide Prosecutor and Assistant Statewide Grand Jury Legal Adviser, West Palm Beach, for appellee in Nos. 4D21-3641, 4D21-3644, 4D21-3646, and 4D21-3647.

## ON MOTIONS FOR REHEARING/REHEARING EN BANC AND CERTIFICATION

PER CURIAM.

All motions for rehearing/rehearing en banc, requests for certification, requests for written opinion, and motions to stay are denied.

DAMOORGIAN and ARTAU, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I dissent from the denial of the motions to certify questions to the supreme court. As I noted at the end of my dissent to the majority opinion, I consider the question of grand jury secrecy to be a question of great public importance and would certify the question I proposed in my dissent.

In addition, the motions for rehearing and requests for certification have caused me to question whether our application of *Miami Herald Publishing Co. v. Marko*, 352 So. 2d 518 (Fla. 1977), may be too broad. That case involved a local grand jury, and the supreme court recognized that the grand jury had broad authority to investigate and report on "general activities of public institutions and personnel." *Id.* at 521 (citing *In re Report of Grand Jury*, 11 So. 2d 316, 318 (1943)). The issue in this case is whether the statewide grand jury had the authority to investigate and report on purely local activities that do not involve two or more circuits, as its jurisdiction is defined in section 905.34, Florida Statutes (2018). In other words, the issue is whether the statewide grand jury can lawfully investigate and report on matters beyond the limits of its criminal subject matter jurisdiction.

As I said in a footnote in my dissent, "Th[e] lack of judicial review and oversight leaves the statewide grand jury system open to being used for purposes other than those which the Legislature intended, to 'strengthen

2

the grand jury system and enhance the ability of the state to detect and eliminate organized criminal activity by improving the evidence-gathering process in matters which transpire or have significance in more than one county.' § 905.32, Fla. Stat. (2018)." To expand on that point, if no court has the ability to review whether a governor's request for impanelment of a statewide grand jury is consistent with legislative intent, and a statewide grand jury once impaneled may investigate and report on the activities of local officials and recommend penalties against them, then a governor could use the statewide grand jury to commence investigations of a purely political nature. This is clearly not the intended purpose of a statewide grand jury. For that reason, I believe that we should certify as a question of great public importance:

> WHETHER A STATEWIDE GRAND JURY EXCEEDS ITS AUTHORITY AND JURISDICTION WHERE IT INVESTIGATES MATTERS SOLELY INVOLVING A SINGLE CIRCUIT OR COUNTY, AND WHERE ITS REPORT DOES NOT CONCERN ANY MATTERS INVOLVING MORE THAN ONE CIRCUIT, AS ITS JURISDICTION IS DEFINED IN SECTION 905.34, FLORIDA STATUTES?

*       *       *

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***

3